# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY M. HURD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE CITY OF LINCOLN, a political subdivision; et. al;<br><br>　　　　　Defendants. | **4:16CV3029**<br><br>**ORDER** |

A conference call was held today to discuss: 1) Plaintiff's claim that the City Attorney's Office is disqualified from representing the defendants, and 2) Defendants' objections to any further depositions as disproportionate to the needs of the case, and as to the estimated three-hour deposition of the City's Mayor, that the notice should be quashed, particularly since the Mayor is willing to respond to written deposition questioning under Rule 31.

Upon inquiry of counsel, the court initially determined the City Attorney's Office was not disqualified from representing the defendants. Thereafter, the discovery issues were discussed at length. Over 40 hours of deposition testimony has already been taken, with Plaintiff's counsel investing substantial attorney time (and accumulated fees) on this case. The court expressed <u>significant</u> concerns with the extent of attorney time being expended on discovery. The court asked several questions to determine if the proposed additional discovery was disproportionate to the needs of the case, would undermine any future attempts at alternative dispute resolution, and if Plaintiff does not prevail, would saddle Plaintiff with extensive litigation expenses. In response to these concerns, Plaintiff's counsel stated she strongly believes

Plaintiff's civil and employment rights were violated by the City, and that Plaintiff is entitled to full discovery to vindicate these important rights.

Proposed deponent Bruce Sellin is no longer a City employee and is likely no longer living in Nebraska. If Mr. Sellin is found, absent an agreement between counsel on the terms and location of his deposition, counsel shall contact the court before Mr. Sellin is deposed.

As to the remaining depositions Plaintiff seeks, with the exception of the Mayor's, the court concluded Plaintiff is entitled to take the requested depositions. Plaintiff's counsel was admonished, however, to curtail further discovery to what is actually needed, and avoid unnecessary deposition testimony (e.g., obtaining testimony regarding facts that are not actually disputed), and to the extent possible, choose discovery methods that may be equally effective but less expensive than depositions. For example, specifically as to the proposed 30(b)(6) deposition of the City, Plaintiff's counsel was advised that a discussion with the City's lawyers may actually be a better (and certainly less expensive) avenue for learning how pay is calculated under relevant union agreements.

As to the Mayor's deposition, the court will not decide whether Plaintiff is entitled to take this proposed three-hour deposition without formal motion practice.

The parties are encouraged to further discuss and attempt to resolve the other issues raised during the hearing today without the necessity and expense of formal motion practice. They are further advised that the court will closely scrutinize any attorney fee request made in this case, particularly as to the issues

raised in this order, and it will not award fees that could have been avoided had the parties heeded the court's informal decisions and advice.

Accordingly,

IT IS ORDERED:

1) Any formal motion to disqualify the City Attorney's Office from representing the defendants shall be filed on or before December 11, 2017, with Defendants' response due on or before December 18, 2017. No reply shall be filed absent leave of the court for good cause shown.

2) Any formal motion to quash or for protective order as to the noticed deposition of the Chris Beutler, Mayor of the City of Lincoln, shall be filed on or before December 11, 2017, with Plaintiff's response due on or before December 18, 2017. No reply shall be filed absent leave of the court for good cause shown.

Dated this 6th day of December, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge