IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TROY M. HURD, | ) | Case No. 4:16-cv-03029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT CITY OF LINCOLN'S** |
| | ) | **AND MAYOR CHRIS BEUTLER'S** |
| THE CITY OF LINCOLN, a political | ) | **MOTION TO QUASH** |
| subdivision, TOM CASADY, JOHN HUFF, | ) | **NOTICE FOR DEPOSITION** |
| PAT BORER, ROGER BONIN, JEANNE | ) | **OR FOR PROTECTIVE ORDER** |
| PASHALEK, and LEO BENES, in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant City of Lincoln, and Mayor Chris Beutler, pursuant to Fed. R. Civ. P. 26(c) and 45(d) and NECivR 7.1(a) and 45.1, object to the Notice of Deposition issued by Plaintiff's attorneys on Mayor Chris Beutler and move that Plaintiff's Notice of Deposition (Doc. #74) be quashed and for a protective order. As argued more fully in the brief in support of this motion, filed concurrently with this motion, the deposition should be quashed for the following reasons:

1. Mayor Chris Beutler is the high-ranking public official of the City of Lincoln, Nebraska.

2. As a high-ranking public official, Mayor Beutler has greater duties and time constraints than an average witness. The request for oral deposition of Mayor Beutler for two to three hours with no restrictions places an undue burden on Mayor Beutler, because any testimony that he may provide is ultimately irrelevant to Plaintiff's claims, does not involve firsthand information only obtained through him, involves information that is in part attorney-client privileged, could involve attempts to elicit testimony that could be used in later political motivated affairs, and could easily be obtained through written discovery or depositions of other witnesses.

3. Plaintiff has either already obtained or can obtain the information from other sources, such as through written discovery. Plaintiff has already deposed all of the named Defendants, except Leo Benes, including questions about their knowledge of meetings with the Mayor or the Mayor's role, if any, into the investigation of Plaintiff's complaints.

4. Plaintiff can avail himself to less burdensome discovery procedures to obtain the information rather than deposing a high ranking public official, including deposition by written question under Fed. R. Civ. P. 31, which has been offered as an alternative multiple times by email to Plaintiff's counsel. Defendants' counsel acted in good faith to confer with counsel for Plaintiff to resolve the dispute without court action, as shown by the Affidavit of Jocelyn W. Golden filed contemporaneously herewith and the attached email correspondence.

WHEREFORE, Defendant City of Lincoln, and Mayor Chris Beutler respectfully move and request that the Court enter an Order quashing the Notice of Deposition filed by Plaintiff's counsel (Doc. #74). If Mayor Beutler is ordered to testify by deposition by oral examination pursuant to Fed. R. Civ. P. 30 or by written questions pursuant to Fed. R. Civ. P. 31, it is requested that such testimony shall be subject to a protective order to protect the confidentiality of such deposition; that the deposition be limited to only such topics within the sphere of Mayor Beutler's personal knowledge; and that any oral deposition, if so ordered, be limited in time to no more than one (1) hour at the date and time convenient to and reasonable with Mayor Beutler's incredibly busy meeting schedule.

DATED: December 11, 2017.

                    CITY OF LINCOLN, Defendant and
                    MAYOR CHRIS BEUTLER

                    JEFFERY R. KIRKPATRICK, City Attorney
                    JOCELYN W. GOLDEN, Assistant City Attorney
                    ABIGAIL F. LITTRELL, Assistant City Attorney

By: */s/Jocelyn W. Golden*
     Jocelyn W. Golden, #23039
     Abigail F. Littrell, #24423
     555 South 10th Street, Suite 300
     Lincoln, NE 68508
     (402) 441-7263
     jgolden@lincoln.ne.gov

### CERTIFICATE OF SERVICE

     I hereby certify that on December 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The foregoing document was sent electronically to: Kelly K. Brandon, kelly@employmentlawnebraska.com and Paige Fiedler, paige@employmentlawnebraska.com.

                    By: */s/Jocelyn W. Golden*
                          Jocelyn W. Golden, #23039