IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY M. HURD,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY OF LINCOLN, a political subdivision; TOM CASADY, in their individual and official capacities; JOHN HUFF, in their individual and official capacities; PAT BORER, in their individual and official capacities; ROGER BONIN, in their individual and official capacities; JEANNE PASHALEK, in their individual and official capacities; and LEO BENES, in their individual and official capacities;<br><br>　　　　　　Defendants. | 4:16CV3029<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant City of Lincoln and Mayor Chris Beutler's Motion to Quash and/or Motion for Protective Order. (Filing No. 85). For the following reasons, the Motion to Quash motion will be granted.

BACKGROUND

Plaintiff Troy M. Hurd filed this employment action against the City of Lincoln and six named defendants in their individual and official capacities alleging the City took adverse action against him in retaliation for filing complaints of discrimination and retaliation. (Filing No. 1). Plaintiff alleges claims arising under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and the Nebraska Fair Employment Practice Act. (Filing No. 18).

The Final Progression Order was entered in June of 2016, (Filing No. 13), and discovery has been extensive: Plaintiff has deposed all but one named Defendant as well as several other witnesses, and Defendants have produced over 6,500 emails and attachments and over 49,000 pages of documents. Plaintiff now seeks to depose City of Lincoln Mayor Chris Beutler, arguing Mayor Beutler has personal knowledge of the investigation into Plaintiff's EEO complaint and he supervised Kimberly Taylor-Riley, who completed the investigation of Plaintiff's internal EEO complaint. Plaintiff also seeks information from Mayor Beutler regarding the City's "motivations" concerning the outcome of Hurd's complaints with the City.

Defendant City of Lincoln and Mayor Beutler seek to quash Plaintiff's Notice of Deposition of the Mayor, (Filing No. 74), or in the alternative, they request a protective order regarding the potential testimony by Mayor Beutler. (Filing No. 85).

ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015. Rule 26 governs discovery and limits the scope of discovery to

> any nonprivileged matter that is relevant to any party's claim or defense <u>and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Courts should examine each case individually to determine the weight and importance of the proportionality factors.

The burden of demonstrating the proportionality of the requested information is a collective responsibility between the parties and the court. Elizabeth D. Laporte & Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New*

*Federal Rule of Civil Procedure 26*, 9 FED. CT. REV. 20, 40 (2015). A party requesting discovery must show how the requested information is important to the issues and resolution of the case. The responding parting must show the expense and burden of responding. Id. The court can then balance the parties' interests and order discovery consistent with the proportionality mandated under the federal rules.

Citing In re United States (Holder), 197 F.3d 310, 313-14 (8th Cir. 1999), the movants argue that the deposition of Mayor Beutler, a high ranking City official, should not be allowed absent extraordinary circumstances. In re Holder stated that ""[i]f other persons can provide the information sought, discovery will not be permitted against such an official." Id. at 314. This is because "high ranking government officials have greater duties and time constraints than other witnesses [and] they should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." Id. at 313 (citations omitted).

Plaintiff does not dispute that Mayor Beutler is a high ranking official, but instead argues that Mayor Beutler's testimony is relevant, essential, unique, and cannot be obtained from any alternative source. Specifically, Plaintiff argues Mayor Beulter is a crucial witness who "most likely played a part in some of the most critical decisions made during and after the Hurd investigation[.]" (Filing No. 90 at CM/ECF p. 12). Plaintiff cites several examples of decisions the Mayor "may have" made. But Plaintiff fails to provide more than mere conjecture and conclusory statements regarding the potential testimony of Mayor Beutler and that he is the sole source of that information. Plaintiff has failed to show that any information the Mayor has cannot be obtained from his subordinates and/or other defendants or witnesses in this case.

To date, Plaintiff has spent nearly 40 hours deposing defendants and witnesses. Of the depositions conducted, each deposed defendant has answered questions regarding his or her knowledge of meetings with the Mayor and/or

discussed the Mayor's role in the investigation of Plaintiff's complaints. And of the 6,500 emails produced by Defendant, none are to or from Mayor Beutler.

Plaintiff has failed to show the deposition of Mayor Beutler is necessary or proportionate to the needs of this case. Accordingly, movants' motion to quash ([Filing No. 85](#)) will be granted. Plaintiff's notice to take the deposition of Mayor Chris Beutler will be quashed, but without prejudice to reassertion upon a showing that the information from the mayor's subordinates is insufficient and obtaining further discovery by deposing the mayor is proportionate to the needs of the case.

IT IS ORDERED:

1) Movant's Motion to Quash, ([Filing No. 85](#)), is granted.

2) Plaintiff's Notice to Take Deposition of Mayor Chris Beutler, ([Filing No. 74](#)), is quashed without prejudice as more fully set out above.

Dated this 21st day of December, 2017.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge