IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TROY M. HURD, | ) | Case No. 4:16-cv-03029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT CITY OF LINCOLN'S** |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| THE CITY OF LINCOLN, | ) | **THE TRIAL TESTIMONY OF** |
| | ) | **MAYOR CHRIS BEUTLER** |
| Defendant. | ) | |

Defendant City of Lincoln, pursuant to Fed. R. Civ. P. 45(d), NECivR 7.1(a) and 45.1, and Fed. R. Evid. 104 and 403, requests that the Court enter an Order in Limine to preclude or prohibit Mayor Chris Beutler's testimony at trial or to set reasonable limitations given his high ranking position in City government. As argued more fully in the brief in support of this motion, filed concurrently with this motion, Mayor Chris Beutler's testimony should be prevented for the following reasons:

1. Mayor Chris Beutler is a high ranking public official of the City of Lincoln, Nebraska.

2. Plaintiff has listed Mayor Chris Beutler as a witness he will call to testify at trial in a preliminary exchange of witness lists between the parties.

3. Mayor Beutler has not met with Plaintiff Troy Hurd, been actively involved in the investigation into Plaintiff's claims, and has only reviewed the investigation report by Kimberly Taylor-Riley and signed a letter to Plaintiff dated December 14, 2014 after the investigation was concluded that outlines Public Safety Director Tom Casady's recommended course of action. (Doc. #87, at CM/ECF p. 4).

4. The Court previously ruled on a motion to quash a subpoena for Mayor Beutler's deposition testimony based on similar considerations. (Doc. #92). Many of the argument in the brief accompanying this motion are similar to the arguments offered for the motion to quash. (Doc. #88).

5. Rather than separately filing identical evidence in support of this motion, Defendant City of Lincoln offers and refers to the index of evidence previously filed contemporaneously with the motion to quash Mayor Beutler's subpoena for his deposition found at (Doc. #86); (Doc. #86-1); (Doc. #86-2); and (Doc. #87), which City believes is permitted by the NECivR 7.1(a)(2)(A).

6. As a high ranking public official, Mayor Beutler has greater duties and time constraints than an average witness. The request to call Mayor Beutler places an undue burden on him, because any testimony that he may provide is ultimately irrelevant to Plaintiff's claims, does not involve firsthand information only obtained through him, involves information that is in part attorney-client privileged, could involve attempts to elicit testimony that could be used in later politically motivated affairs, is motivated purely to place additional pressure on Defendant City of Lincoln matter, and is an unprincipled tactic.

7. Plaintiff will be able to provide evidence of any limited subject matters within Mayor Chris Beutler's personal knowledge from other sources, such as testimony by Tom Casady or other mayoral aides. Moreover, the letter sent by Mayor Beutler to Plaintiff speaks for itself.

8. Defendant City of Lincoln may be willing to cooperate with the Court and Plaintiff to craft a stipulation regarding Mayor Beutler's role in signing the letter dated December 14, 2015 in lieu of requiring him to testify at trial.

9. Defendant City of Lincoln files this motion in limine to have an early ruling on this matter, but it is expected that Mayor Beutler will file a motion to quash on similar grounds in the event a subpoena is issued for his appearance at trial.

WHEREFORE, Defendant City of Lincoln respectfully moves and requests that the Court enter an Order to preclude the testimony of Mayor Beutler at trial of the above-captioned case. If the Court does determine that Mayor Beutler's testimony is relevant, not cumulative, essential, and cannot be excluded, a possible alternative would be for Mayor Beutler to elect to submit to a

videotaped trial deposition instead of live testimony in Court. It is also requested that such testimony, whether by videotaped trial deposition or by live testimony, should be subject to a protective order to protect the testimony; that the examination be limited to only such topics within the sphere of Mayor Beutler's personal knowledge arising out of the subject matter of the above-captioned case; that Mayor Beutler not be asked questions about the political ramifications of the above-captioned case or his opinion on other political matters; and that any testimony, if so ordered, be limited in time to no more than one (1) hour at the date and time convenient to and reasonable with Mayor Beutler's incredibly busy meeting schedule. Defendant City of Lincoln also respectfully moves and requests for an expedited briefing schedule and disposition of this matter.

DATED: October 12, 2018.

CITY OF LINCOLN, Defendant

JEFFERY R. KIRKPATRICK, City Attorney
JOCELYN W. GOLDEN, Assistant City Attorney
ABIGAIL F. LITTRELL, Assistant City Attorney

By: */s/Jocelyn W. Golden*
Jocelyn W. Golden, #23039
Abigail F. Littrell, #24423
555 South 10th Street, Suite 300
Lincoln, NE 68508
(402) 441-7263
jgolden@lincoln.ne.gov

### CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The foregoing document was sent electronically to:

Kelly K. Brandon, kelly@employmentlawnebraska.com
Paige Fiedler, paige@employmentlawnebraska.com
Stephanie Costello, stephanie@employmentlawnebraska.com

By: */s/Jocelyn W. Golden*
Jocelyn W. Golden, #23039