IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TROY M. HURD, | |
|---|---|
| Plaintiff, | |
| vs. | 4:16CV3029 |
| THE CITY OF LINCOLN, a political subdivision; et. al; | ORDER |
| Defendants. | |

Plaintiff has moved to compel the deposition of Jason Kruger, M.D. (Kruger), and for enlargement of the discovery deadlines to permit Plaintiff to retain a responsive expert if necessary and to subpoena medical records that may provide a basis for Kruger's testimony. ([Filing No. 172](#)). For the reasons discussed below, Plaintiff's motion will be denied.

## FACTUAL BACKGROUND

Plaintiff's complaint was filed nearly three years ago, on February 26, 2016. ([Filing No. 1](#)). It is scheduled to be tried on February 5, 2019, with the pretrial conference scheduled for January 22, 2019.

Plaintiff's complaint alleges he was retaliated against in his employment as a Lincoln firefighter because he complained to the City of Lincoln EEO department, and Roger Bonin about the unlawful harassment of Sara Khalil. He alleges that in response to his complaints on Khalil's behalf:

> [Defendants imposed] retaliatory discipline, repeatedly intimidated Plaintiff following his protected activity with threats of discipline or

discharge; ignored the retaliation; failed to properly investigate the retaliation, fabricated bases for disciplinary action; failed to ensure the promotional process was fair and free of retaliatory bias; failed to consider Plaintiff for the EMS supervisor position; spoke unfavorably of Plaintiff to fellow employees, supervisors, and others; and/or failed to protect Plaintiff from the retaliation and ensure that the harassment/retaliation was stopped by implementing proper safeguards and policies or disciplining/discharging the offenders.

([Filing No. 12, at CM/ECF p. 3](#)).

On April 26, 2012, Kruger, the Medical Director for Lincoln Fire and Rescue Department and Emergency Medical Services Oversight Authority, was involved in a decision to suspend Plaintiff's ability to perform Rapid Response Intubation (RSI) procedures. Plaintiff has been aware of Kruger's role in that decision since the day it was made, ([Filing No. 108-6, at CM/ECF p. 11](#); [Filing No. 108-12, at CM/ECF p. 4-5](#)), and information regarding the RSI certification suspension was included within the NEOC file subpoenaed by Plaintiff's counsel in July of 2016. ([Filing No. 20, at CM/ECF p. 1](#)).

Plaintiff filed an amended complaint on June 30, 2016. ([Filing No. 18](#)). Defendants' initial disclosures, served on June 30, 2016, did not list Dr. Kruger as a fact witness. ([Filing No. 176-2](#)). Plaintiff's initial disclosures, served on July 1, 2016, did not mention Kruger. Those disclosures also did not mention Bryan Kratochvil, Jeff Grasmick, Kendall Warnock, Greg Connolly, Amanda Benson, Ron Trouba, Jr., Mayor Chris Beutler, Linda Hurd, or Dan Duncan, witnesses Plaintiff now intends to call at trial. ([Filing No. 176-1, at CM/ECF p. 4](#) ¶ 19; [Filing No. 176-3](#)).

On September 27, 2016, Plaintiff served interrogatories on Defendant, including an interrogatory requesting the identity of witnesses with knowledge of

the allegations in Plaintiff's complaint. ([Filing No. 174-1, at CM/ECF p. 1](#) ¶ 3). Plaintiff's amended complaint does not mention denial of RSI privileges. ([Filing No. 18](#)). Defendants did not list Kruger in response to Plaintiff's interrogatory.

In response to Plaintiff's extensive document discovery, Defendants produced nearly 16,000 pages of emails. Their document production served on August 3, 2017 included emails from Bonin to Kruger regarding suspension of Hurd's RSI credentials. ([Filing No. 176-1, at CM/ECF p. 2](#) ¶ 6).

In October and November of 2017, the parties engaged in deposition discovery. Plaintiff deposed nine individuals for a total of 40 hours; Defendant deposed Plaintiff. ([Filing No. 176-1, at CM/ECF p. 2](#) ¶ 9; [Filing No. 176-4](#)). Hurd testified that Bonin retaliated against him by suspending his ability to perform RSI while performing his paramedic duties. ([Filing No. 115-5, at CM/ECF pp. 13-14](#)). During the deposition, Plaintiff was questioned concerning the letter he received in April 2012. That letter notified him that his credentials to perform RSI were temporarily suspended due to two medical incidents, advised Plaintiff that those incidents were under investigation, and stated that upon completion of those investigations, Plaintiff would be required to meet with Bonin, Kruger, and Plaintiff's EMS Supervisor. The results of the investigation were later memorialized in a June 2012 letter stating Kruger decided to withdraw Plaintiff's RSI credentials. That letter was also discussed during Plaintiff's deposition. ([Filing No. 115-8, at CM/ECF p. 14](#); [Filing No. 115-9, at CM/ECF pp. 7-8](#)).

The fact witness deposition deadline previously set for December 15, 2017, (see [Filing No. 49, at CM/ECF p. 2](#), ¶ 5(b)), was extended at Plaintiff's request to February 16, 2018. ([Filing No. 100, at CM/ECF p. 2](#), ¶ 3). Plaintiff did not mention deposing Kruger as a basis for that extension. ([Filing No. 101](#), audio file).

3

Defendants moved for summary judgment on February 27, 2018, and Plaintiff responded a month later. ([Filing No. 113](#)). Defendants offered Kruger's affidavit in support of their motion, ([Filing No. 108-12](#)), and in reply, they filed an affidavit of Bonin, with documents attached, discussing communications with Kruger regarding suspension of Plaintiff's RSI credentials. ([Filing No. 127-4](#)). Plaintiff responded with his own affidavit essentially reiterating his deposition testimony, including Kruger's role in suspending Plaintiff's RSI credentials. ([Filing No. 113](#) at CM/ECF p. 4, ¶ 14).

Defendants prepared a supplemental Rule 26 witness disclosure in April of 2018 that added Kruger's name, but due to a staffing change at the City Attorney's Office, that disclosure was not served on Plaintiff at that time. (([Filing No. 176-1, at CM/ECF p. 4](#) ¶ 16).

Judge Kopf's summary judgment ruling was entered on July 23, 2018. ([Filing No. 136](#)). It included an extensive statement of Undisputed Material Facts that are "relevant, material, not genuinely disputed, and can be presented in a form that would be admissible in evidence." Although Plaintiff objected to Kruger's affidavit because Kruger was not a previously disclosed witness, ([Filing No. 113, at CM/ECF p. 28](#), ¶ 44), Judge Kopf's factual statement discussed the suspension of Plaintiff's RSI credentials, citing Kruger's affidavit as supporting that statement of facts. ([Filing No. 136](#) at CM/ECF pp. 8, 17-19, ¶¶ 21, 51, 55, 58). Judge Kopf found it was undisputed that "Bonin was chiefly responsible for selecting EMS Supervisors and their backups, generally with input from the Fire Chief and LF&R's Medical Director, Jason Kruger." ([Filing No. 136, at CM/ECF p. 19](#), ¶ 57).

4

Promptly following Judge Kopf's ruling, the undersigned magistrate judge set a hearing to re-schedule the pretrial conference and trial. (Filing No. 137). During that scheduling conference held on August 7, 2018, trial was set for November 5, 2018. (Filing No. 140). The parties did not ask for time to conduct additional discovery.

On September 20, 2018, Defendants served Rule 26(a) disclosures identifying Kruger as a witness with knowledge regarding "the RSI procedure, EMS Supervisors, EMSOA, Sara Khalil's performance during the preceptorship, and paramedic and disciplinary matters." (Filing No. 174-1, at CM/ECF p. 5; Filing No. 176-6). On October 3, 2018, Plaintiff emailed defense counsel regarding trial witness scheduling, identifying nine individuals (Bryan Kratochvil, Jeff Grasmick, Kendall Warnock, Greg Connolly, Amanda Benson, Ron Trouba, Jr., Mayor Chris Beutler, Linda Hurd, and Dan Duncan) who have never been disclosed as trial witnesses as required under Rule 26(a). (Filing No. 176-1, at CM/ECF p. 4 ¶ 19; Filing No. 176-3; Filing No. 176-7).

Defendants disclosed additional documents, including the Rapid Sequence Intubation (RSI) Assessment dated June of 2012, a listing of RSI credentialed medics of Lincoln Fire & Rescue as of June 2012, a listing of RSI credentialed medics that can perform RSI in June of 2013, a listing of credentialed medics that cannot perform RSI in June of 2013, and letters to the medics with Lincoln Fire & Rescue about being credentialed again on RSI. These documents, disclosed on October 11, 2018, were previously filed as part of Defendants' evidence supporting their summary judgment motion. (Filing No. 127-1; Filing No. 174-1, at CM/ECF p. 15). At Plaintiff's request, Defendants served their Fifth Supplemental Response to Requests on October 17, 2018, disclosing the medical records of the patients related to the two RSI incidents underlying suspension of Plaintiff's RSI

5

credentials. (Filing No. 174-1, at CM/ECF p. 17; Filing No. 176-1, at CM/ECF p. 5 ¶ 22, 24).

On October 17, 2017, Judge Kopf advised the parties that the trial must be continued. The following day, Plaintiff's counsel requested a two-hour deposition of Kruger, citing the City's delayed disclosure as a basis for re-opening discovery and asking whether Kruger was going to rely on specialized medical knowledge when giving his testimony. (Filing No. 176-1, at CM/ECF p. 5 ¶ 25). Defendants have assured that Kruger will not be offering expert opinions.

The conference to re-schedule the trial was held on October 22, 2018. Plaintiff's counsel orally moved to re-open discovery to permit Kruger's deposition, pursue disclosing his own responsive expert if necessary following that deposition, and subpoena of medical records for the two patients that were the subject of the RSI incidents. The court ordered Plaintiff to file a written motion on that issue. The pending motion was filed on November 5, 2018.

ANALYSIS

District courts possess broad discretion in "establishing and enforcing deadlines" as well as "maintaining compliance with discovery and pretrial orders." In re Baycol Prod. Litig., 596 F.3d 884, 888 (8th Cir. 2010) (citing Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758–59 (8th Cir.2006)). In evaluating the propriety of a discovery motion, the court will evaluate the "entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another." Dziadek v. Charter Oak Fire Ins. Co., 2014 WL 820049, at *3 (D.S.D. 2014) (internal citation omitted). Generally, belated discovery motions, especially those foisted on the court on the eve of trial, are not favored. Fed. Prac.

& Proc. Civ. § 2285 (3d ed.). And courts often deny discovery motions when faced with looming trials and a pattern of extensive motion practice. Mercantile Tr. Co. Nat. Ass'n v. Inland Marine Prod. Corp., 542 F.2d 1010, 1013 (8th Cir. 1976); Haviland v. Catholic Health Initiatives-Iowa, Corp., 692 F. Supp. 2d 1040, 1044 (S.D. Iowa 2010) ("[d]iscovery is meant to be a balanced and, hopefully, front-loaded process, not one involving deadline brinkmanship.") Outdoor Cent., Inc. v. GreatLodge.com, Inc., 2009 WL 10680030, at *1 (W.D. Mo. 2009) (reasoning that motion to compel filed one month prior to trial was "troubling" and denying the motion to avoid further delay).

In this case, Plaintiff is trying to move a lawsuit that has been pending in this forum for nearly three years, with repeated use of the court's resources to resolve discovery and case progression motions and decipher voluminous briefs and evidence. Plaintiff's summary judgment brief alone was 221 pages long.

Sometimes the din of voluminous and contentious discovery disputes nearly drowns out the Rules of civil practice and civility. Given the volume of what has been filed in this case, the court can only imagine what the parties have been attempting to wade through, understand, and organize while preparing this lawsuit for trial. And against that backdrop, it's no small wonder that both sides have forgotten to name some trial witnesses along the way.

Here, the defendants failed to specifically list Kruger as a witness in a Rule 26 disclosure until after the summary judgment ruling: Plaintiff never formally disclosed nine of his trial witnesses. Defendants are not moving to exclude the nine new witnesses or to re-open discovery to depose them before trial, while Plaintiff is asking to depose Kruger, subpoena medical records that may have informed his RSI privilege decision, and potentially hire a responsive expert.

Despite Defendants' oversight in formally naming Kruger as a witness prior to the deposition deadline, Plaintiff cannot claim his disclosure on September 20, 2018 came as a surprise. Plaintiff has known Kruger's name, and his role in suspending Plaintiff's RSI privileges, since 2012. Plaintiff identified the RSI privilege suspension as an alleged retaliatory act in his deposition in December 2017, with documents discussed at that deposition clearly naming Kruger as instrumental in the suspension decision. Defendants filed Kruger's affidavit in support of their summary judgment motion on February 27, 2018, and their summary judgment Reply included Bonin's affidavit discussing the background and his communications with Kruger about suspending Plaintiff's RSI privileges.

While Plaintiff objected to Kruger's affidavit based on witness nondisclosure, Judge Kopf cited and relied upon Kruger's affidavit testimony in the court's summary judgment ruling. That ruling was entered on July 23, 2018. Thereafter, three months passed before Plaintiff asked the court to re-open discovery and allow Plaintiff to depose Kruger, serve subpoenas, and initiate additional expert discovery if necessary.

I have reviewed Kruger's affidavit, the Reply affidavit of Bonin, and the documents and emails related to suspending Plaintiff's RSI credentials. While Kruger is a physician, his role in this case is one of personnel staffing and management of Lincoln Fire and Rescue's EMS staffing. While he may have opinions as to whether Plaintiff is capable of competently performing RSI procedures and whether Plaintiff's conduct fell below the standard of care in responding to two emergency calls in April 2012, his testimony currently before the court does not reflect any intent to offer those opinions at trial.

> The City's brief states:
>
>> Dr. Kruger's testimony about the outcome of the RSI procedures is offered to explain Dr. Kruger's state of mind and his reasoning for the decision to suspend Plaintiff's RSI privileges. Dr. Kruger obtained personal knowledge that two patients had bad outcomes after Plaintiff performed the RSI procedure on them in April 2012. His testimony about those outcomes is not opinion testimony. Dr. Kruger determined Plaintiff's RSI credentials should be suspended. That, too, is fact testimony and not opinion testimony. Dr. Kruger's testimony about how he reached his decision is not opinion testimony, because it is based on Dr. Kruger's personal knowledge about the underlying facts of this case. He will recount what he observed and learned about Plaintiff's performance in the field and what he did as a result. Dr. Kruger's testimony is not offered to help the jury understand the patient outcomes, but rather to explain to the jury why he made the decision to suspend the Plaintiff's RSI privileges.

([Filing No. 177, at CM/ECF p. 11-12](#)). This language could be construed as extending beyond the testimony and documentation already presented before the court on summary judgment. However, based on the representations of defense counsel, the court believes that as to Plaintiff's RSI credentials, Kruger's trial testimony would explain:

1) His role in supervising and managing Lincoln Fire and Rescue paramedics and the protocols they must follow;

2) All LFR paramedics operate under Kruger's medical license;

3) The RSI procedure involves sedating and paralyzing a patient to place a breathing tube down the windpipe.

4) As such, of the responsibilities for LF&R EMS responders, administering the RSI protocol is among the most difficult and poses the highest risk of liability;

5) Paramedic administration of RSI had become a topic of debate both locally and nationally in 2012;

9

6) In April 2012, Kruger received notice from Bonin of two patients with poor outcomes following RSI administration;

7) Plaintiff, along with other paramedics, was involved in administering RSI to both such patients;

8) Bonin decided to temporarily suspend Plaintiff's ability to perform RSI pending an investigation of the two incidents and Kruger's ability to consider the issue;

9) Upon investigation, Kruger and Bonin concluded the number of first responders permitted to administer RSI should be limited, initially limiting the number to 10 per shift as of June 20, 2012, and settling on staffing five RSI-certified persons per shift as of June 2013;

10) After the decision to limit RSI certification was made, Plaintiff was among the people who were no longer RSI-certified;

11) Based on his observations and review of Plaintiff's work, Kruger agreed with that decision;

12) In June of 2013, the number of RSI-certified paramedics was pared down from 10 per shift to five or six per shift; and

13) At that time, Kruger developed a list of paramedics he believed possessed the RSI skills sufficient to place them in the top six for their respective shifts, and Plaintiff was not included in that list.

In other words, Kruger would be testifying based on his first-hand knowledge of the facts within his affidavit, ([Filing No. 108-12](#)), Bonin's Reply affidavit, ([Filing No. 127-4](#)), the documentation attached to these affidavits, and perhaps the information in the "Rapid Sequence Intubation Assessment dated June 2012, ([Filing No. 174-1, at CM/ECF p. 20-31](#)).

In support of his motion, Plaintiff has filed records regarding the specific EMS treatment provided for the two patients to whom Plaintiff administered RSI in April 2012. ([Filing No. 174-1, at CM/ECF p. 32-61](#)). However, for the purposes of deciding whether suspension of Plaintiff's RSI credentials was a retaliatory act,

those records need not be referenced or discussed by Kruger at trial. I find Kruger's anticipated testimony does not include expert opinions, and it does not require an expert disclosure or a responsive expert.[1]

Plaintiff cannot claim surprise that Kruger played a role as to the 2012 RSI credentialing decisions, and Plaintiff himself raised those decisions as alleged acts of retaliation during his deposition over a year ago. Plaintiff has received Kruger's affidavit, Bonin's Reply affidavit, and the attachments thereto, along with the Rapid Sequence Intubation Assessment dated June 2012. So long as Kruger does not testify beyond the scope of his first-hand knowledge of the information within these documents, Plaintiff cannot claim surprise by such testimony at trial.

During the three-month period from Judge Kopf's summary judgment ruling to the October 22, 2018 progression order, Plaintiff did not ask the court to re-open discovery or strike Kruger as a testifying witness, and he offers no explanation for failing to do so. Both parties are struggling to pull the witness and exhibit list together in preparation for trial, as evidenced by the parties' mutual failure to timely disclose the names of trial witnesses as required by Rule 26. And both parties will be prejudiced by any further delay in getting this case before a jury, with a continuance likely necessary if discovery is re-opened to depose previously undisclosed witnesses and subpoena medical records.

Under the totality of the circumstances presented, the court finds that in the interest of securing the just determination of this case, not further undermining a

---

[1] Judge Kopf's summary judgment order specifically found that the first patient died at the hospital from organ failure unrelated to the RSI procedure, and the second patient ended up making a full recovery. (Filing No. 136, at CM/ECF p. 17, ¶¶ 51-52). Thus, I see no reason to suspect Kruger will be opining that Plaintiff's administration of RSI caused harm to anyone.

speedy and inexpensive resolution, (see Fed. R. Civ. P 1), and managing the court's resources and calendar to afford access to the courts for all litigants, Plaintiff's pending motion, (Filing No. 172), must be denied.

IT IS ORDERED that Plaintiff's Motion to Compel the deposition of Jason Kruger and to enlarge the progression order, (Filing No. 172), is denied.

January 2, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge