IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY M. HURD,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN, a political subdivision,<br><br>   Defendant, | Case No.  4:16-CV-3029<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE FOR INCLUSION OF EVIDENCE** |

I. If the District Court does not exclude Jason Kruger, M.D.'s testimony, there is good cause to allow Plaintiff's Rebuttal Expert, John S. Bonta, M.D.

  When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed.R.Civ.P. 37(c)(1); *Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008 (8th Cir.1998) ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir.2005).

  As outlined in Plaintiff's Brief in Support of his Motion in Limine to Exclude Evidence Section I regarding Dr. Kruger's testimony, which Plaintiff would incorporate herein, Plaintiff

complied with discovery disclosures. The Defendant did not. After Dr. Kruger's belated disclosure, Plaintiff diligently moved to depose Dr. Kruger to discover what his testimony would be but was denied his right to free and liberal discovery. Dr. Kruger's testimony will require specialized medical knowledge. The Court should cure this prejudice by allowing Plaintiff to call Dr. Bonta as a rebuttal witness at trial. There is good cause to do so.

Dated this 29th day of January, 2019.

Troy M. Hurd, Plaintiff

By: /s/ Kelly K. Brandon
Kelly K. Brandon, #20734
FIEDLER LAW FIRM, P.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060
(402) 513-6501 (F)
kelly@employmentlawnebraska.com

Paige Fiedler, *Pro Hac Vice*
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131
(515) 254-1999
(515) 254-9923 (F)
paige@employmentlawiowa.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of January, 2019, electronically filed the foregoing Motion in Limine with the Clerk of the Court using the CM\ECF system which sent notification of such filing to all CM\ECF participants.

 s/ Kelly K. Brandon