IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY M. HURD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN, a political subdivision,<br><br>　　　　Defendant. | Case No. 4:16CV3029<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DEPOSE JURORS, SUBMIT SUPPLEMENTAL BRIEFING, OR IN THE ALTERNATIVE FOR AN EVIDENTIARY HEARING** |

COMES NOW the Plaintiff, Troy M. Hurd, and hereby submits the following Brief in Opposition to Defendant's Motion to Depose Jurors, Submit Supplemental Briefing, or for an Evidentiary Hearing.

**I.　DEFENDANT'S MOTION IS UNTIMELY AND THERE IS NO COMPETENT EVIDENCE OR APPLICABLE LEGAL AUTHORITY UPON WHICH THE COURT SHOULD GRANT THE REQUESTED RELIEF**

Defendants belatedly seek to depose the men and women who performed their civic duty without any basis to do so and on scant and inapplicable authority. None of the cases cited by the Defendants allow jurors to be deposed. (Filing No. 285 at 2-3) Moreover, all post-trial motions under Rule 59 based upon newly-discovered evidence are required to be filed within 28 days of the date of the judgment. Fed. R. Civ. Proc. 59. *See Montgomery v. Barnhardt, No.* CIV. 00–2250 JRTJMM , 2002 WL 1752206, *2 (D. Minn. July 26, 2002) (Time limitations under Rule 50, 59(e), and 60(b)(2) are jurisdictional and cannot be altered, waived, or extended by the Court). Rule 60 allows motions for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The City discovered the alleged "juror misconduct" very shortly

1

after trial and moved to set aside or reduce the verdict on that basis based on an inadmissible affidavit from the City's paralegal, Tiffany Leasure. Plaintiff also filed a Motion to Strike Leasure's Affidavit, as well as, the City's Filing No. 284. (Filing Nos. 279 and 286)

Affidavits that support post-trial motions are to be filed with the original Motion. Fed. R. Civ. Proc. 59(c). Even if affidavits could be filed with its Reply, the City had 54 days after the verdict was rendered in this case to secure affidavit testimony from the jurors. The assumption is that none of the jurors were willing or interested in providing affidavits to support the City's Motion for New Trial. The jurors should not be inconvenienced further. They have done their duty. The City is just unhappy with the result.

As outlined in Plaintiff's Brief in Opposition to Defendant's Motion for Judgment as a Matter of Law or for a New Trial, the Defendant did not put forth any admissible or competent evidence to support its allegation of prejudicial juror misconduct that warrants further inquiry or a departure from the rule that the jurors cannot impeach their verdict through their own testimony. (Filing No. 277 at 2-13) There was no prejudicial extraneous evidence considered. This is exactly the type of post-verdict reexamination that virtually all of the authority in the Eighth Circuit that examines alleged juror misconduct holds is improper. *Remmer v. United States*, 347 U.S. 227, 229 (1953); *McDonald v. Pless,* 238 U.S. 264, 267-68 (1915); *Pena-Rodriguez v. Colorado,* 137 S.Ct. 855, 858 (2017); *Scogin v. Century Fitness, Inc.*, 780 F.2d 1316, 1317-18 (1985); *Tanner v. U.S.*, 483 U.S. 107, 117-18 (1987); *Poppe v. Siefker*, 274 Neb. 1, 8-9, 735 N.W.2d 784, 791 (2007); *Banghardt v. Origoverken,* 49 F.3d 1302 , 1305-06 (8th Cir. 1995); *Moore v. American Family Mut. Ins. Co.,* 576 F.3d 781, 787 (8th Cir. 2009); *Marshall v. Lonberger,* 459 U.S. 422, 438 n.6, (1983) (quoting *Parker v. Randolph,* 442 U.S. 62, 73 (1979)); and *Koceimba v. G.D. Searle & Co.,* 707 F. Supp. 1517, 1541 (D. Minn. 1989).

The post-verdict scrutiny requested in this case is not supported by the circumstances presented, even if the City had any admissible evidence of it.

As the United States Supreme Court has warned:

> …Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first-time days, weeks, or months after the verdict, seriously disrupt the finality of the process. Moreover, full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of post verdict scrutiny of juror conduct.

*Tanner*, 483 U.S. at 120–21 (internal citations omitted) (emphasis added). What the City is requesting is contrary to the law and would lead to juror harassment, inhibit jury room deliberation, increase the temptation for jury tampering, and create uncertainty in jury verdicts going forward. *See Ianniello,* 866 F.2d at 543; *see also Miller v. United States,* 403 F.2d 77, 82 (2d Cir. 1968); *United States v. Crosby,* 294 F.2d 928, 950 (2d Cir. 1961), cert. denied sub nom., and *Mittelman v. United States,* 368 U.S. 984 (1962).

Defendant's Motion is an improper attempt to drag out this matter, waste judicial resources, and deny Plaintiff to the relief that was secured after three years of litigation and nine trial days. Just as in *Pena v. Rodrguez,* 137 S.Ct. at 858, there were procedural safeguards in place to ensure that the jury conducted its deliberations appropriately without resorting to post-trial testimony: 1) the jury was examined for impartiality during voir dire; 2) juror misconduct could have been observed by the court, counsel, and court personnel during the trial; and 3) jurors themselves could have reported misconduct to the court before a verdict was rendered. Here, jurors also went to great lengths by asking questions of the Court regarding its calculation of damages during its deliberations. (Filing Nos. 242-244) The Court answered those questions appropriately by mandating that the jury render its verdict in accordance with the instructions and evidence submitted at trial. There is no evidence

3

before this Court that would indicate the jury did anything other than what it was instructed to do.

## II.     CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that the Court strike and/or deny Defendant's Motion to Depose Jurors, Submit Supplemental Briefing, or in the Alternative for an Evidentiary Hearing and allow Plaintiff's verdict to stand uninterrupted.

TROY M. HURD, Plaintiff

By:  /s/ Kelly K. Brandon
Kelly K. Brandon, #20734
FIEDLER LAW FIRM, P.L.C.
20615 Highway 370
Gretna, NE  68028
(402) 316-3060
(402) 513-6501 (F)
kelly@employmentlawnebraska.com

Paige Fiedler, *Pro Hac Vice*
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131
(515) 254-1999
(515) 254-9923
paige@employmentlawiowa.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of April 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

/s/ Kelly K. Brandon