IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TROY M. HURD, | ) | Case No. 4:16-cv-03029 |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT CITY OF LINCOLN'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE JURORS AND SUBMIT SUPPLEMENTAL BRIEFING OR FOR EVIDENTIARY HEARING (Doc. #284) AND OBJECTION TO PLAINTIFF'S MOTION TO STRIKE (Doc. #286)** |
| v. | ) | |
| THE CITY OF LINCOLN, a political subdivision, | ) | |
| Defendant. | ) | |

Defendant City of Lincoln ("City"), pursuant to Fed. R. Civ. P. 50 and 59(a) and (e), offers this reply brief in support of its motion for leave to depose the jurors and submit supplemental briefing or, in the alternative, for an evidentiary hearing (Doc. #284) and in response to Plaintiff's motion to strike the same (Doc. #286).

Plaintiff argues the Court may not consider City's motion to depose the jurors and submit supplemental briefing, because the motion is untimely under Fed. R. Civ. P. 59(e). (Doc. #291, at CM/ECF p. 1) City moved for an order granting leave to depose the jurors in response to Plaintiff's motion to strike the affidavit of Tiffany Leasure. (Doc. #279); (Doc. #284); (Doc. #257, at CM/ECF p. 6) By requesting leave to depose the jurors, City does nothing more than ask the Court for the tools necessary to develop evidence in support of its timely filed Rule 50 and Rule 59 motions. City's motion to depose the jurors is not a substantive motion, but rather a procedural discovery motion. The Supreme Court has held, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). See also, *Gapen v. Bobby*, No. 3:08-cv-280, 2011 U.S. Dist. LEXIS 125778, at

*11-12 (S.D. Ohio Oct. 31, 2011) ("The Court therefore grants leave for Petitioner to depose the jurors and alternate jurors concerning [juror's] outside research into the death penalty and his discussion of that research with his fellow jurors").

As an alternative, City moved the Court to order an evidentiary hearing on the Rule 50 and Rule 59 motions. (Doc. #284) NECivR 7.1(d) allows a moving party to request oral argument or an evidentiary hearing no later than the deadline for filing of a reply brief. City filed its motion to depose the jurors or for an evidentiary hearing (Doc. #284) contemporaneously with the reply brief on its motion for a new trial or amended judgment. Plaintiff does not argue that City's motion for an evidentiary hearing was untimely or otherwise flawed. In the event the Court is disinclined to grant City's motion to depose the jurors, City equally satisfied to elicit testimony at an evidentiary hearing regarding the impact of the extraneous evidence on the jurors. (See also (Doc. #257, at CM/ECF p. 6), requesting the Court conduct an investigation).

City respectfully requests the Court overrule Plaintiff's motion to strike City's motion to depose the jurors or, in the alternative, to set an evidentiary hearing. City respectfully requests the Court enter an order granting leave to depose the jurors or setting an evidentiary hearing.

Dated: April 30, 2019.

                               CITY OF LINCOLN, Defendant

                            By: */s/ Abigail F. Littrell*
                                Elizabeth D. Elliott, #22890
                                Jocelyn W. Golden, #23039
                                Abigail Littrell, #24423
                                555 South 10th Street, Suite 300
                                Lincoln, NE 68508
                                (402) 441-7281
                                alittrell@lincoln.ne.gov

## **CERTIFICATE OF SERVICE**

I certify that on April 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The foregoing document was sent electronically to:

Kelly K. Brandon, kelly@employmentlawnebraska.com
Paige Fiedler, paige@employmentlawnebraska.com
Stephanie Costello, stephanie@employmentlawnebraska.com

By: */s/ Abigail F. Littrell*
Abigail F. Littrell, #24423